ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 15 2011

at 4 o'clock and 30 min. PM
SUE BEITIA, CLERK

Michael William Flaherty
201 Tutters Neck
Williamsburg, VA 23185-5123
Telephone: (757) 220-6813
Email: micflah@yahoo.com

IN THE SUPERIOR COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Michael William Flaherty | ) Case No. **CV11-00173 ACK BMK** |
| | ) |
|        Plaintiff, | ) JUDGE SUSAN OKI MOLLWAY |
|    vs. | ) |
| | ) |
| PRESIDENT OF THE UNITED STATES, | ) **COUNTER-COMPLAINT, ACTION** |
| BARACK HUSSEIN OBAMA II, | ) **FOR CONSPIRACY TO COMMIT** |
| UNITED STATES SECRETARY OF THE | ) **FRAUD, FRAUD, TRESPASS,** |
| TREASURY, TIMOTHY FRANZ GEITHNER, | ) **EXTORTION, ACCOUNT, TRESPASS** |
| SECRETARY OF THE TREASURY, | ) **ON THE CASE: NEGLIGENCE,** |
| (PERSON UNKNOWN AND OF FOREIGN | ) **TRESPASS ON THE CASE:** |
| JURISDICTION), | ) **VICARIOUS LIABILITY-MASTER** |
| ATTORNEY GENERAL OF THE UNITED | ) **SERVANT RELATIONSHIP;** |
| STATES, ERIC HIMPTON HOLDER, JR., | ) **EXHIBITS 1-4; AFFIDAVIT;** |
| STATE OF HAWAII DEPARTMENT OF | ) ~~**SUMMONS IN A CIVIL ACTION**~~ |
| TAXATION, | ) |
| FORMER STATE OF HAWAII ATTORNEY | ) |
| GENERAL, MARK BENNET, | ) |
| DEFENDANT REVENUE AGENT, ALAN S. | ) |
| OCHIAE, | ) |
| DEFENDANT REVENUE AGENT, DANFORD | ) |
| S. NIKAIDO | ) |
| | ) |
|        Defendants, | ) |
| | ) |

**COUNTER-COMPLAINT, ACTION FOR FRAUD, TRESPASS,
EXTORTION, ACCOUNT, TRESPASS ON THE CASE: NEGLIGENCE,
TRESPASS ON THE CASE: VICARIOUS LIABILITY-MASTER
SERVANT RELATIONSHIP**

**CAUSE OF ACTION**

Plaintiff Michael William Flaherty wishes, in this court of record, this Court order injunctive and declaratory relief. Plaintiff is a citizen of the People's Democratic Republic of California; he acts on his own behalf.

Plaintiff brings this action and alleges as follows:

1.   Plaintiff is a civilian wrongly classified as an "enemy combatant" by the President of the United States, and is being held virtually *incommunicado* in military custody in a <u>*virtual*</u> commercial debtors prison, whereabouts unknown. His commercial detention is without lawful basis, without charge, without access to counsel and without being afforded any fair process by which he might challenge his commercial debtor detention. Plaintiff is being held under color and authority of the Executive, and in violation of the Constitution, laws and treaties of the United States as well as in violation of customary international law. Accordingly, this Court should issue injunctive and declaratory relief compelling Defendants either to release Plaintiff Michael William Flaherty's commercial entity or to establish in this Court a lawful basis for Plaintiff Michael William Flaherty's continued commercial detention. <u>See</u>: Exhibit 1, Experian credit report, pgs. 1-2, dated March 4, 2011.

2.   Plaintiff Michael William Flaherty brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief to enforce his right to prompt disclosure of government agency records. Plaintiff seeks the release of records requested from the Internal Revenue Service, Department of Homeland Security, Department of Justice, Department of Treasury, Central Intelligence Agency, and Office of the Director of National Intelligence (collectively "Defendants") concerning the appellation of "Tax Protestor" as investigative, surveillance, and data collection tools.

3.    Defendants used these claims of assessment to coerce
      Plaintiff into providing his records, against his will, in his
      efforts to defend himself and to incriminate himself as such
      "tax-protester".

4.    Plaintiff notes, by and for the record in this case that the
      United States Supreme Court stated:

           "The Jensen decision and its progeny all rested upon
           the view that a strong pre-emption doctrine was necessary
           to vindicate the purpose of the Admiralty Clause to
           protect maritime commerce from the 'unnecessary burdens
           and disadvantages incident to discordant legislation.'
           Knickerbocker Ice Co., 253 U. S., at 164. See also
           Washington, 264 U. S., at 228; Jensen, 244 U. S., at 217.
           Whether or not this view of the Clause is accurate as a
           historical matter, see Castro, The Origins of Federal
           Admiralty Jurisdiction in an Age of Privateers, Smugglers
           and Pirates, 37 Am. J. Legal Hist. 117, 154 (1993)
           original purpose of Clause was to ensure federal
           jurisdiction over **prize**, criminal, and **revenue cases**;
           (private maritime disputes were viewed as matters for
           state courts), protection of maritime commerce has been
           a central theme in our admiralty  jurisprudence. While I
           do not propose that we abandon commerce as a guiding
           concern, we should recognize that, today, the federal
           interests in free trade and uniformity are amply
           protected by other means. Most importantly, we now
           recognize Congress' broad authority under the Commerce
           Clause to supplant state law with uniform federal

statutes. Moreover, state laws that affect *462* maritime commerce, interstate and foreign, are subject to judicial scrutiny under the Commerce Clause. And to the extent that the mere assertion of state judicial power may threaten maritime commerce, the Due Process Clause provides an important measure of protection for out-of-state defendants, **especially foreigners**. See Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty., 480 U. S. 102 (1987); Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U. S. 408 (1984).[3] Extension of the ill-advised doctrine of Jensen is not the appropriate remedy for unreasonable state venue rules." See: American Dredging Co. v. Miller, 510 US 443, 461-462 - Supreme Court 1994.

5.   Plaintiff notes on and for the record that he is "foreign" to the jurisdiction of "the Secretary of the Treasury of Puerto Rico" per Title 27 C.F.R. § 26.11.

6.   Plaintiff tenders for this court's consideration evidence of these claims in Admiralty in the form of an alleged Judgment/Lien in favor of the IRS filed in the State of Hawaii Bureau of Land Conveyances, by Alan S. Ochiae, allegedly a delegate of Defendant U. S. Secretary of the Treasury, Timothy F. Geithner. See: Exhibit 2, Copies of State of Hawaii, Bureau of Land Conveyances web-page indicating liens filed in the Admiralty.

7.   These liens bar the Plaintiff from securing credit at reasonable rates and terms, clouding his good name with spurious claims of federal tax liens based on these alleged

assessments. This credit is the lifeblood of commerce in this country. Plaintiff has been denied equal access to participate in commerce as a result of these alleged assessments.

## I.

### JURISDICTION

8. Defendants are detaining Plaintiff "under or by color of the authority of the United States" and "in violation of the Constitution or laws or treaties of the United States." Plaintiff brings this action under 28 U.S.C. §§ 2241(a), (c)(1) and (c)(3) and 2242. Plaintiff further invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1350, 1651, 2201, and 2202; 5 U.S.C. § 702; Articles I and II of, and the Fifth, Sixth, and Eighth Amendments to, the United States Constitution. Because he seeks declaratory relief, Plaintiff also relies on Fed. R. Civ. P. 57.

9. This Court is further empowered to declare the rights and other legal relations of the parties herein by 28 U.S.C. § 2201, and to effectuate and enforce declaratory relief by all necessary and proper means by 28 U.S.C. § 2202, as this case involves an actual controversy within the Court's jurisdiction, and to issue all writs necessary or appropriate in aid of its jurisdiction by 28 U.S.C. § 1651.

10. This court may also view this action as an application for remission of forfeiture and restoration of subject property to the Plaintiff per 19 U.S.C. § 1613.

11. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also

has jurisdiction over this action pursuant to 28 U.S.C. §
1331.

12. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B)
and 28 U.S.C. § 1391(e).

## II.
### PARTIES

13. Plaintiff is a natural born citizen of the People's Democratic
Republic of California, with his home in Hawaii. He is
presently living in Williamsburg, Virginia as a result of the
seizure of his home. His "entity in commerce" is incarcerated
at a *virtual* commercial debtors prison, whereabouts unknown,
and held in Defendants' unlawful custody and control.

14. Defendant, BARACK HUSSEIN OBAMA II is the President of the
United States and Commander-in-Chief of the United States
Military. Plaintiff Michael William Flaherty is being detained
pursuant to President Obama's authority as Commander-in-Chief
and under the laws and usages of war or, alternatively,
pursuant to the some unknown commercial contract evidence of
which has never been produced. President Obama is responsible
for Plaintiff Michael William Flaherty's unlawful commercial
detention and is sued in his official capacity.

15. Defendant TIMOTHY FRANZ GEITHNER is the United States'
Secretary of the Treasury. Pursuant to either the Executive
Order or the President's authority as Commander-in-Chief and
under the laws and usages of war, Defendant GEITHNER has been
charged with maintaining the custody and control of Plaintiff
Michael William Flaherty. He is sued in his official capacity.

16. Defendant Department of the Treasury is a Department of the

Executive Branch of the United States Government. The Department of the Treasury is allegedly an "agency" within the meaning of 5 U.S.C. § 552(f)(1). The Internal Revenue Service ("IRS") is allegedly a component of the Department of the Treasury.

17. Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). The Federal Bureau of Investigation ("FBI"), Drug Enforcement Agency ("DEA"), **Criminal Division**, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and Executive Office of U.S. Attorneys ("EOUSA") are components of Defendant DOJ.

18. Defendant ATTORNEY GENERAL OF THE UNITED STATES, ERIC HIMPTON HOLDER, JR. is the Commander of the "*Virtual Joint Detention Operations Debt Prison For Tax Protestors Group*" and the other *virtual* "Commercial Debtors Prisons" detention camps, including the U.S. facility where Plaintiff Michael William Flaherty's "entity" in commerce is presently held. He is the immediate custodian responsible for Plaintiff Michael William Flaherty detention and is sued in his official capacity.

19. Defendant Secretary of the Treasury is allegedly a citizen of the Territory of Puerto Rico per 27 C.F.R. § 26.11. Plaintiff notes on and for the record that he is "foreign" to the jurisdiction of "the Secretary of the Treasury of Puerto Rico".

20. Defendant Attorney General Mark Bennet has alleged fiduciary/trust agreement with the Internal Revenue Service for the detainer of MICHAEL WILLIAM FLAHERTY. He has

supervisory responsibility UNDER Title 8 Hawaii Revised Statutes for Plaintiff MICHAEL WILLIAM FLAHERTY's unlawful detainer and is sued in his official capacity. <u>See</u>: Exhibit 3, State of Hawaii, Department of Taxation, sent 07/19/2004 stating: "The information for this assessment was obtained from the Internal Revenue Service under authorization...". Evidence of such "assessment" has never been provided to Plaintiff.

21. Defendant Revenue Agent Alan S. Ochiae has made <u>false claims</u> "under or by color of the authority of the United States" or "in violation of the Constitution or laws or treaties of the United States." He is the immediate custodian responsible for Plaintiff MICHAEL WILLIAM FLAHERTY's detention and is sued in his official capacity.

22. Defendant Revenue Agent Danford S. Nikaido has made <u>false claims</u> "under or by color of the authority of the United States" or "in violation of the Constitution or laws or treaties of the United States." He is the immediate custodian responsible for Plaintiff MICHAEL WILLIAM FLAHERTY's <u>continued</u> detention and is sued in his official capacity.

**III.**

**FACTUAL ALLEGATIONS**

23. Through five separate and distinct FOIA Requests, Plaintiff Michael William Flaherty has requested information concerning the government's claims of an assessment within the meaning of 5 U.S.C. § 552 beginning on May 30, 2005.

24. The Disclosure Officer, Dora Zamora, a delegate of Secretary of the Treasury of Puerto Rico, in Fresno, California who

responded to this request failed to be in compliance with 26 C.F.R. 601.702 (3)(c), thus permitting a subterfuge that has already cost the United States of America significant legal fees to prosecute a foreclosure action well in excess of any recovery from same.

25. Despite these repeated requests to these offices, no procedurally correct, signed assessment was ever produced from the Disclosure Offices in either Fresno, CA nor San Niguel, CA.

26. Plaintiff's third FOIA Request to the IRS Disclosure Office in San Niguel, CA. dated the 15th day of December, 2008 failed to produce the requested documents.

27. This office's failure to respond in a timely manner, based on the response date of January 26, 2010, indicates Plaintiff has exhausted his "Administrative Remedies" in search of alleged Official Government Records within the meaning of 5 U.S.C. § 552.

28. IRS Disclosure Manager, Dorsey Kozarovich stated she could find no documents specifically responsive to Plaintiff's request for "any document in my Individual Master File with an Assessment Officer's signature and date on it for the years 1999, 2000 and 2001."

29. The Plaintiff meaningfully participated in the disclosure of relevant facts (per the Tax Reform Act of 1998 as codified in 26 U.S.C. § 7491) in his efforts to resolve this controversy without the court's intervention for a period of one year less nine days.

30. Plaintiff tendered his Discovery Requests to the U.S.

Attorneys, a delegate of Attorney General of the United States
Eric H. Holder, on October 20, 2009.

31. Defendant U.S. Attorneys submitted their response to
Plaintiff's Discovery Requests on November 30, 2009.

32. Defendant U.S. Attorneys failed to answer all twenty five
Requests for Admissions.

33. Defendant U.S. Attorneys failed to answer twelve of thirteen
Interrogatories.

34. Defendant U.S. Attorneys answered few Requests for Documents.

35. Plaintiff never received any evidence of a procedurally
correct assessment, signed and dated by an Assessment Officer
for any of the years claimed by the US Attorneys in their
Complaint despite repeated requests.

36. Plaintiff never received any evidence of his being a "tax-
protester". Such appellation is a violation of Pub. L.
105-206, title III, Sec. 3707, July 22, 1998, 112 Stat. 778,
these liens and assertions are evidence of an act of war
against Plaintiff; his property that is being foreclosed is
**the prize** from an act of war being claimed by the alleged
delegates of Attorney General of the United States Eric H.
Holder, Jr..

37. Plaintiff has received a "ORDER AND DECREE OF FORECLOSURE"
dated November 23, 2010. He was denied due process by its
refusal to allow the Plaintiff to take Depositions and cross
examine material witnesses.

38. This Order is the result of a "COMPLAINT TO REDUCE FEDERAL
INCOME TAX ASSESSMENTS TO JUDGEMENT AND TO FORECLOSE FEDERAL
TAX LIENS ON REAL PROPERTY" dated October 23, 2008.

39.  Defendants, United States of America, filed a complaint[1] making several unsupported allegations. Such COMPLAINT makes several erroneous allegations which are not supported by FACTS.

40.  This civil action claims to have been brought "at the direction of the Attorney General of the United States, with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury."

41.  The Complaint further states:"on various dates a delegate of the Secretary of the Treasury made assessments... proper notice and demand was made... there is due and owing one million sixty four thousand eight hundred forty six and eight cents ($1,064,846.08) plus statutory interest and other additions running from October 27, 2008".

42.  In and for the record of this case, Title 26 U.S.C. § 6203 states in its entirety:

> The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

43.  The assessment record either is in the "office of the Secretary", or it is not. Defendant Secretary of the Treasury of Puerto Rico shall produce the record per this civil demand

---

[1] See: gov.uscourts.hid.82961.1.0

or shall suffer the lawful consequences of this fraud.

44.  In and for the record of this case, 26 C.F.R. 301.6203-1 states in its entirety:

> The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. The date of the assessment is the date the summary record is signed by an assessment officer. If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.

45.  Delegates of Defendant Secretary of the Treasury of Puerto Rico have failed to be in compliance with 26 C.F.R. 601.702 (3)(c).

46.  Delegates of Attorney General of the United States Eric H.

Holder, Jr. failed to disclose <u>any</u> procedurally correct, signed and dated assessment for any of their claims per Plaintiff's lawful discovery requests. <u>See</u>: Exhibit 4, U.S. Attorney'S responses to Plaintiff's formal Discovery Requests.

47.  Delegates of Attorney General of the United States Eric H. Holder, Jr. failed to disclose the names of <u>any</u> District Directors who have appointed assessment officers per Plaintiff's lawful discovery requests. Also <u>See</u>: Exhibit 4.

48.  Delegates of Defendant Attorney General of the United States Eric H. Holder, Jr. brought their Complaint for Foreclosure allegedly under the provisions of 26 U.S.C. §§ 7401 and 7403. <u>See</u>: gov.uscourts.hid.82961.1.0, pg. 2.

49.  26 U.S.C. § 7401 <u>AUTHORIZATION</u> states:

"No civil action for the collection or recovery of taxes, or any fine, penalty, or **forfeiture** (emphases added), shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."

50.  Plaintiff recognizes on and for the record, that the issue of forfeiture arises under 26 U.S.C. § 7327 <u>CUSTOM LAWS APPLICABLE</u> which states:

"The provisions of law applicable to the remission or mitigation by the Secretary of <u>forfeitures</u> under the customs laws shall apply to forfeitures incurred or alleged to have occurred <u>under the internal revenue laws</u>."

51.  Plaintiff recognizes on and for the record, that the issue of forfeiture <u>also arises under 27 C.F.R. 72.31 LAWS APPLICABLE</u>

which states:

"Remission or mitigation of <u>forfeitures</u> shall be<u> governed
by the applicable customs laws</u>.

(Sec. 613, 618, 46 Stat. 756, as amended, 757, as amended,
sec. 4, 53 Stat. 1292, sec. 7327, 68A Stat. 871; 19 U.S.C.
1613, 1618, 49 U.S.C. 784, **26 U.S.C. 7327**)"- **THE STATUTE
IMMEDIATELY ABOVE.**

52. Plaintiff notes on and for the record in this case, the
definition of "forfeiture" is: "The involuntary relinquishment
of money or property without compensation as a consequence of
a breach or nonperformance of some legal obligation or the
commission of a crime." <u>See</u>: West's Encyclopedia of American
Law, edition 2. Copyright 2008 The Gale Group, Inc.

53. Defendants have failed to produce any evidence of any "breach
or nonperformance of some legal obligation or the commission
of a crime" justifying the seizure of Plaintiff's home and
only relied on spurious claims of him being a "tax-protester"
without any evidence of same.

54. Plaintiff notes on and for the record that West's Encyclopedia
of American Law continues and states:

"The general concept of forfeiture in the United States
can be traced to the English Common Law, or court
decisions. English courts recognized three types of
forfeiture: Escheat upon attainder, deodand, and
<u>statutory forfeiture. Under the doctrine of escheat upon
attainder, a person's property reverted to the government
upon that person's conviction for a felony or **Treason**</u>.
This doctrine was premised on the theory that the

sovereign government possessed a superior property interest...

Statutory forfeiture, or forfeiture based on written laws, was the only kind of English forfeiture recognized in the American colonies. In other words, the colonies did not order the forfeiture of property unless it was required pursuant to a law passed by the legislature. However, the written laws in the colonies sustained the concept of deodand, and this concept survives to the present day.

Although forfeiture laws have existed in the United States since the colonial period, they have not always been favored. Early cases of forfeiture usually involved extraordinary circumstances, such as the seizure of pirate ships or warring ships. After the Civil War, forfeitures were used for tax-revenue violations...

Forfeiture under the Forfeiture Act begins with either the constructive or actual seizure of property after a district court has issued a warrant (**Plaintiff note: no such warrant ever issued**). This warrant must be based on a reasonable belief that the property was used in a crime subject to forfeiture, but this reasonable belief can be based entirely on Hearsay and Circumstantial Evidence. After the property is seized, the court holds it until the case is resolved.

Forfeiture proceedings may be either criminal or civil. If the government seeks forfeiture pursuant to criminal charges, it must establish the defendant's guilt Beyond

a Reasonable Doubt. If acquitted, the defendant is entitled to retrieve the seized property...

If the **initial seizure** is not preceded by notice and a hearing before a court, a defendant may argue that a forfeiture violates the Due Process Clause of the Fifth and Fourteenth Amendments. Despite the decision in the Alexander case, if a massive, estate-depleting forfeiture is disproportionate to the offense that gave rise to it, it may be found to violate the Excessive Fines Clause of the Eighth Amendment.

55. Plaintiff has repeatedly requested lawful evidence in the form of a judgment/lien from a delegate of Defendant Attorney General of the United States Eric H. Holder, Jr. for a lawful seizure of Plaintiff's property or rights to property. To date, none has been provided.

56. 26 U.S.C. § 7403 ACTION TO ENFORCE LIEN OR TO SUBJECT PROPERTY TO PAYMENT OF TAX states:

"(a) Filing

In any case where there has been a **refusal** or **neglect to pay any tax**, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

Page 16 of 31

(b) Parties

    All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.

(c) Adjudication and decree

    The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. If the property is sold to satisfy a first lien held by the United States, the United States may bid at the sale such sum, not exceeding the amount of such lien with expenses of sale, as the Secretary directs." (Emphasis added)

## COUNT 1 OF CAUSE OF ACTION
## CONSPIRACY TO COMMIT FRAUD

57. Paragraphs 1 through 56 of CAUSE OF ACTION are included by reference as though fully stated herein.

58. By right, Plaintiff reasonably expects to proceed about his personal affairs, without injury, secure in his capacities.

59. By right, Plaintiff reasonably expects to enjoy "life, liberty and the pursuit of happiness" in a free republic as guaranteed by the U.S. Constitution and the Constitution of the State of

Hawaii.

60. By right, Plaintiff reasonably expects alleged public officials and their delegates, who are servants of the people, to do their duty and faithfully proceed about their duties without injury to the people without cause and within due process.

61. Defendant Alan S. Ochiae, the alleged public official in command of an investigation of Plaintiff's alleged liabilities, has a legal duty to use due care and not cause an injury to Plaintiff.

62. Defendant Alan S. Ochiae in concert with others did file claims of judgment/liens in favor of the IRS in the State of Hawaii, Bureau of Land Conveyances indicating liens filed in the Admiralty.

63. Defendant Danford S. Nikaido, the alleged public official in command of an **new "assessment"** filed on March 15, 2010, of Plaintiff's alleged liabilities, has a legal duty to use due care and not cause an injury to Plaintiff.

64. Defendant Danford S. Nikaido in concert with others did file claims in the United States District Court for the District of Hawaii without providing all exemptions and deductions available to Plaintiff.

65. Defendants breached that duty by proximately or legally, and directly, causing the injuries to Plaintiff.

66. The damages claimed are all a result of the injuries.

### COUNT 2 OF CAUSE OF ACTION
#### FRAUD

67. Paragraphs 1 through 66 of CAUSE OF ACTION are included by

reference as though fully stated herein.

68. By right, Plaintiff reasonably expects to proceed about his personal affairs, without injury, secure in his capacities.

69. By right, Plaintiff reasonably expects to enjoy "life, liberty and the pursuit of happiness" in a free republic as guaranteed by the U.S. Constitution and the Constitution of the State of Hawaii.

70. By right, Plaintiff reasonably expects public officials[2] and their delegates, who are servants of the people, to do their duty and faithfully proceed about their duties without injury to the people without cause and within due process.

71. By right, Plaintiff reasonably expects Defendant former Hawaii State Attorney General to defend Plaintiff against "adverse agency action" in compliance with Title 8 et seq, Hawaii Revised Statutes.

72. Upon information and belief, Plaintiff Michael William Flaherty is not, nor has he ever been, an enemy alien, lawful

---

[2] 63C Am.Jur.2d, Public Officers and Employees, §247* "As expressed otherwise, the powers delegated to a public officer are held in trust for the people and are to be exercised in behalf of the government or of all citizens who **may need the intervention** of the officer. [1] Furthermore, the view has been expressed that all public officers, within whatever branch and whatever level of government, and whatever be their private vocations, are trustees of the people, and accordingly labor under every disability and prohibition imposed by law upon trustees relative to the making of personal financial gain from a discharge of their trusts. ..[3] **and owes a fiduciary duty to the public...** [4] It has been said that the fiduciary responsibilities of a public officer cannot be less than those of a private individual. [5] Furthermore, it has been stated that any enterprise undertaken by the public official who **tends to weaken public confidence and undermine the sense of security for individual rights is against public policy.** Fraud in its elementary common law sense of deceit-and this is one of the meanings that fraud bears [483 U.S. 372] in the statute. See *United States v. Dial*, 757 F.2d 163, 168 (7th Cir1985) includes the **deliberate concealment of material information in a setting of fiduciary obligation.** A public official is a fiduciary toward the public, ... **and if he deliberately conceals material information from them, he is guilty of fraud.** *McNally v United States* 483 U.S. 350 (1987) [Emphasis added]

or unlawful belligerent, or combatant of any kind under any definition adopted by the government in any civil or military proceedings. Delegates of Attorney General of the United States Eric H. Holder, Jr. have repeatedly made claims of assessments against Plaintiff and of his being a "tax-protester". Such appellation is a violation of Pub. L. 105-206, title III, Sec. 3707, July 22, 1998, 112 Stat. 778 and as such is considered an act of war against Plaintiff.

73. These claims have materially affected the Plaintiff by leading the United States District Court for the District of Hawaii to presume the veracity of Defendants' claims leading that court to order the foreclosure of his home in Hawaii based on these claims.

74. These claims must be false because lawful evidence of such claims has never been produced in compliance with Title 26 § 6203 despite Plaintiff's repeated lawful requests.

75. Defendant Attorney General of the United States Eric H. Holder, Jr.'s delegates knew these claims were false because Defendants Ochiae and Nikaido are Revenue Agents authorized under Title 27, Alcohol, Tobacco and Firearms - not assessment officers under Title 26 and Plaintiff had substantially rebutted their claims.

76. Defendant Attorney General of the United States Eric H. Holder, Jr. also knew these claims were false because he was personally noticed of these discrepancies per Title 5 U.S.C. et seq via Certified Mail and his immediate personal intervention was requested by Plaintiff and he was requested to provide the relevant and lawful evidence to support his